J-S57009-16

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAMON STREET, | : | |
| | : | |
| Appellant | : | No. 952 WDA 2015 |

Appeal from the Judgment of Sentence, January 21, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0011095-2009

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:     **FILED AUGUST 24, 2016**

Given the current state of the law in Pennsylvania regarding juvenile LWOP, I reluctantly join the Majority's erudite and well-crafted Memorandum.  This Court in both **Commonwealth v. Seagraves**, 103 A.3d 839 (Pa. Super. 2014), **appeal denied**, 116 A.3d 604 (Pa. 2015) and **Commonwealth v. Batts** ("**Batts III**"), 125 A.3d 33, 35 (Pa. Super. 2015), **appeal granted in part,** 135 A.3d 176 (Pa. 2016), have held that our review of a challenge to a juvenile LWOP sentence **must** apply the deferential abuse of discretion standard.  This is unlikely to accomplish the goal set forth by the United States Supreme Court in **Miller v. Alabama**, _____ U.S. _____, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) of making juvenile LWOP sentences "uncommon."

_____

* Retired Senior Judge assigned to the Superior Court.

Moreover, unless a body of appellate law develops as to how age-related factors should apply to sentences where LWOP is a possibility, like-situated juveniles will be treated differently. I have inveighed against such an outcome in the concurrent-consecutive dichotomy, **Commonwealth v. Zirkle**, 107 A.3d 127 (Pa. Super. 2014) (Strassburger, J. concurring), and the same principle applies here.

As the Majority points out in Footnote 4, our Supreme Court has granted allowance of appeal in **Batts III** to determine, *inter alia*, whether a heightened standard of review should apply to juvenile LWOP sentences.